**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) MISS HELEN'S PRIVATE SCHOOLS, INC.,) | | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No. 25-cv-664-CDL |
| | ) | |
| (1) STATE FARM FIRE AND CASUALTY COMPANY, | ) | REMOVED FROM TULSA COUNTY CASE NO. CJ-25-5164 |
| | ) | JUDGE CAROLINE WALL |
| **Defendant.** | ) | |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Defendant State Farm Fire and Casualty Company ("State Farm") removes this action from the District Court of Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of its removal, State Farm states as follows:

1.     On November 7, 2025, Plaintiff Miss Helen's Private Schools, Inc. ("Miss Helen's), filed the Petition (hereinafter referred to as "Complaint") in the District Court of Tulsa County, State of Oklahoma, captioned *Miss Helen's Private Schools, Inc.  v. State Farm Fire and Casualty Insurance Co.,* Case No. CJ-2025-5164 (the "Action"). *See* **Ex. 1**, Complaint.

2.     The Complaint purports to state claims against State Farm for breach of contract and for breach of the duty of good faith and fair dealing (i.e., a "bad faith" claim). *See* **Ex. 1**, Complaint.

3.     State Farm was served with a copy of the Complaint on November 20, 2025, at the earliest. OID Notice of Service of Process, **Ex. 2**. A true and correct copy of the summons, docket,

and all copies of process and pleadings from the state court are attached hereto as Exhibits 1 and 3-4.

4.    This Notice of Removal is filed within thirty days of State Farm's receipt of the Complaint and is therefore timely under 28 U.S.C. § 1446(b).

5.    As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because State Farm has satisfied the procedural requirements for removal and this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1).

## I.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332.

6.    This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a)(1) because this is a civil action (1) between citizens of different states, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This action may thus be removed to this Court by State Farm under 28 U.S.C. § 1441(a).

### A.    Complete diversity exists as between Plaintiff and State Farm.

7.  Plaintiff is an Oklahoma corporation organized and with its principal place of business in the State of Oklahoma. **Ex. 1**, Complaint at ¶ 1; **Ex. 5**, Oklahoma Secretary of State Entity Summary. Plaintiff is therefore deemed to be a citizen of Oklahoma for jurisdictional purposes, since "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

8.    State Farm is a corporation organized under the laws of Illinois, with its principal place of business in Illinois. For diversity-jurisdiction purposes, State Farm is a citizen of Illinois.

*See* 28 U.S.C. § 1332(c)(1). Therefore, complete diversity exists as between Plaintiff and State Farm.

**B.      The amount in controversy requirement is satisfied.**

9.      It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000. *See* **Ex. 1,** Complaint, p. 5 (seeking damages in "excess of $75,000 for consequential damages").

10.      Plaintiff's assertions regarding damages in the Complaint are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. *See* 28 U.S.C. § 1446(c)(2).

11.      Therefore, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

**II.      REMOVAL IS PROPER BECAUSE PROCEDURAL REQUIRMENTS HAVE BEEN MET.**

12.      Under 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in the United States District Court for the Northern District of Oklahoma because this District includes Tulsa County where the Action was pending. *See* 28 U.S.C. § 116(a).

13.      Pursuant to Local Civil Rule 81-2(a), a copy of the state court docket sheet is attached to this Notice as **Exhibit 4**. There are no motions pending before the District Court of Tulsa County, Oklahoma, and no hearings are set. *See* L. Cv. R. 81-2(b).

14.      Under 28 U.S.C. § 1446(d), State Farm certifies that it will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will likewise file a copy of this Notice of Removal with the Clerk of the District Court of Tulsa County, Oklahoma.

15.     State Farm reserves the right to amend or supplement this Notice of Removal as allowed by law.

16.     State Farm further reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b), as well as its time to answer, move against, or otherwise respond to Plaintiff's Complaint pursuant to Rule 81(c)(2).

State Farm therefore removes this matter from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma and invokes this Court's jurisdiction.

Respectfully Submitted,

s/Jessica L. Dickerson
Jessica L. Dickerson, OBA #21500
William J. Holland, OBA #33535
MCAFEE & TAFT A PROFESSIONAL CORP.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:    (918) 587-0000
Facsimile:     (918) 599-9317
jessica.dickerson@mcafeetaft.com
will.holland@mcafeetaft.com

**Attorneys for Defendant State Farm Fire and Casualty Company**

4

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of December, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the Following ECF registrants:

Ashley Leavitt
***Attorney for Plaintiff***

s/Jessica L. Dickerson