



**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

**NOV 07 2025**

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| MISS HELEN'S PRIVATE SCHOOLS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) **CJ-2025-05164** |
| v. | ) **CASE NO.:** |
| | ) |
| STATE FARM FIRE & CASUALTY | ) **JUDGE** **Caroline Wall** |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## PETITION

COMES NOW, the Plaintiff, Miss Helen's Private Schools, Inc., (hereinafter referred to as "Plaintiffs"), and for their causes of action against Defendant State Farm Fire & Casualty Company, (hereinafter referred to as "Defendant" and/or "State Farm") and state and allege as follows:

### PARTIES

1. Plaintiff, Miss Helen's Private Schools, Inc., is an Oklahoma corporation with its owners/members all being citizens of the State of Oklahoma. Plaintiff, now, and at all times relevant hereto, owned real property in Tulsa County, State of Oklahoma.

2. Upon information and belief, Defendant State Farm Fire & Casualty Company, is a foreign corporation licensed in Oklahoma.

### JURISDICTION AND AUTHORITY

3. This action is brought before this Court for the reason that it may exercise jurisdiction on any basis consistent with the Constitution of the State of Oklahoma and the Constitution for the United States. 12 O.S. § 2004(F).

4. Pursuant to 12 O.S. § 133, venue is proper in this Court as the acts complained of herein occurred in Tulsa County, Oklahoma.

1

EXHIBIT 1

5. Pursuant to 12 O.S. § 2004(F), this Court has subject matter jurisdiction over the claims asserted herein.

## FACTUAL BACKGROUND

6. At all times material hereto, in consideration for premiums paid by Plaintiff, there was in full force and effect a policy of insurance issued by State Farm to Plaintiff, bearing the policy number 96AJA4139 (hereinafter referred to as the "Policy").

7. Under the terms of the Policy, Defendant agreed to insure Plaintiff against certain losses to Plaintiff's property located at 4849 S. Mingo Rd. Tulsa, OK 74146, (hereinafter referred to as the "Property").

8. On or about May 21, 2024, when the above-referenced insurance policy was in full force and effect, Plaintiff's Property was damaged as a result of a wind/hailstorm.

9. The Policy insured the Property against the type of loss and damage suffered.

10. Plaintiff reported the loss to Defendant; Defendant acknowledged the same and assigned claim number 36-81D4-21W to this loss (hereinafter referred to as the "Claim"). All other conditions precedent to entitle Plaintiff to coverage and benefits under the Policy have been satisfied.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

11. Plaintiff incorporates all allegations set forth above as though fully set forth herein.

12. The Policy constitutes a valid and binding contract between Plaintiff and Defendant.

13. Plaintiff timely paid Defendant the owed Policy premiums.

14. In exchange for the Policy provisions, State Farm agreed to provide Plaintiff insurance coverage to Plaintiff's Property.

15. On or about May 21, 2024, when the above-referenced insurance policy was in full force and effect with all premiums paid, Plaintiff suffered a covered loss: storm damage.

16. Plaintiff has fully performed under the Policy and have demanded that Defendant perform; however, Defendant has refused to perform and has materially breached the Policy.

17. The acts and omissions of State Farm, in the handling of Plaintiff's claim, were unreasonable and resulted in Plaintiff being paid less than what it was owed under the terms and conditions of the insurance policy issued by the Defendant. The acts and omissions of the Defendant in the investigation, evaluation, delay, and payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.

18. Plaintiff remains damaged in an amount not less than $93,661.75 for the actual damages to their property caused by the storm.

19. Plaintiff has been forced to expend money for court costs and litigation for which it should be compensated.

20. Pursuant to 12 O.S. § 2008(A)(2) and the above facts and circumstances, Plaintiff is entitled to relief under Oklahoma statutory and common law.

## SECOND CLAIM FOR RELIEF
### (Bad Faith)

21. Plaintiff incorporates all allegations set forth above as though fully set forth herein.

22. Plaintiff timely filed a claim with State Farm.

23. State Farm sent an adjuster to inspect the Property on or about March 17, 2025.

24. State Farm then wrote an estimate for damage to eight (8) individual shingles, ten (10) turtle vents, ten (10) 8" rain caps, and two hundred (200) R&R suspended ceiling tiles. The estimate resulted in a net payment of $2,906.12.

25. Plaintiff's contractor inspected the Property and noted widespread storm damages requiring a total roof replacement, as well as interior repairs, and that the cost to repair the damage totaled at least $93,661.75.

3

26. On July 15, 2025, Plaintiff submitted a proof of loss pursuant to 36 O.S. § 3629 based on their contractor's estimate.

27. Defendant responded by requesting photos showing the scope of damages to warrant a roof replacement. Plaintiff provided the contractor's photos three days later. Defendant stated the photos showed wear and tear and not hail damage.

28. Defendant failed to provide a written denial of the claim to Plaintiff in violation of 36 O.S. § 1250.7.

29. Defendant refused to acknowledge the covered loss and refused to pay Plaintiff the full amount of the covered loss owed under the Policy.

30. The acts and omissions of Defendant were in direct breach of its duty to deal fairly and in good faith with its insured, Plaintiff, and done for Defendant's own financial benefit.

31. Defendant intentionally underpaid, delayed, and failed to investigate Plaintiff's claim. The conduct of the Defendant, in the lack of investigation, evaluation, and payment of Plaintiff's claim was unreasonable, outside of insurance industry standards, and constitutes a breach of the duty of good faith and fair dealing resulting in the wrongful and bad faith denial of Plaintiff's claim for which extra-contractual damages are hereby sought.

## DAMAGES

32. Plaintiff incorporates all allegations set forth above as though fully set forth herein.

33. Defendant's actions have caused Plaintiff to suffer mental pain, mental anguish and suffering, anxiety, embarrassment, and loss of reputation in an amount to be determined.

34. Defendant's conduct with respect to Plaintiff's Claim constitutes a bad faith breach of contract, for which punitive damages should be awarded pursuant to 23 O.S. § 9.1 due to the wrongful, willful, and intentional conduct of the Defendant which was in reckless disregard of the rights of its insured, Plaintiff.

4

**WHEREFORE**, premises considered, Plaintiff moves for a finding by the Court that Defendant State Farm Fire & Casualty Company breached its contractual duty to pay for storm damages under the valid Policy; that Defendant State Farm Fire & Casualty Company violated the duty of good faith and fair dealing; that Plaintiff should be awarded a sum not less than $93,661.75 in actual damages; a sum in excess of $75,000.00 for consequential damages as a result of Defendant's breaches; a sum in excess of $75,000.00 for punitive damages; that an award of attorney fees, costs of litigation and interest is proper pursuant to 36 O.S. § 3629, 12 O.S. §§ 936, 940 & 942, and Oklahoma common law; and for such other and further relief as the Court may deem equitable under the circumstances.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

Ashley Leavitt, OBA #32818
HOLBROOK LEAVITT & ASSOCIATES, PLLC
4815 S. Harvard Ave., Ste 285
Tulsa, OK 74135
P: (918) 373-9394
F: (918) 539-0269
E: Ashley@holbrookleavitt.com
***Counsel for the Plaintiff***